# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LIONEL L.L.C., et al.,<br><br>                Debtors. | Index No. Chapter 11 Case No: 04-17324 (BRL)<br><br>(Jointly Administered) |
| Lionel L.L.C.,<br><br>                Plaintiff,<br><br>-against-<br><br>K-Line Electric Trains, Inc., MDK Inc., Maury Klein and Robert Grubba,<br><br>                Defendants. | Case No. 05-02337 AP<br><br>**PRELIMINARY INJUNCTION CONSENT ORDER** |

       Upon the record of the proceeding held before the Court on August 24, 2005 with respect to the above captioned Adversary Proceeding (the "Proceeding"); and the Court previously having found that it has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and the Court having previously determined that this Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having previously determined that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having previously entered a Temporary Restraining Order against Defendants on August 22, 2005 (the "Temporary Restraining Order"); and the Plaintiff and Defendants having set forth certain objections and reservation of rights as set forth below; and the Plaintiff and Defendants having set forth on the record of the Proceeding a protocol for proceeding with respect to the Adversary

Proceeding; and the Defendants having agreed (subject to the objections and reservation of rights set forth below) to the entry of this preliminary injunction order without any admission of liability by Defendants and pursuant to the protocol, to replace the Temporary Restraining Order, which preliminary injunctive relief shall be effective immediately as against Defendants, *provided however* that to the extent the approval of the Bankruptcy Court for the Eastern District of North Carolina (the "EDNC") is required for the effectiveness of such relief against Defendants MDK, Inc. (d/b/a K-Line Electric Trains) and Maury Klein, who are chapter 11 debtors before the EDNC, such relief shall become effective upon the entry of a order by the EDNC in each of their chapter 11 cases granting such approval; it is

ORDERED that Defendants K-Line Electric Trains, Inc. and MDK Inc. d/b/a K-Line Electric Trains (together "K-Line/MDK"), Maury Klein, Robert Grubba and their agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert with Defendants, are enjoined individually, jointly and severally, from manufacturing, distributing, marketing, advertising, promoting, soliciting or accepting orders for, selling or offering for sale the products that are alleged to incorporate or be derived from or copied from, Lionel's trade secrets, including but not limited to any products consisting of or containing K-Line/MDK's "Cruise Control," K-Line/MDK's "120-watt power transformer" and/or "K-Sounds" sound technology, and from participating in or acting in concert with any third parties in any such activity; and it is further

ORDERED that Defendants K-Line/MDK, Maury Klein, Robert Grubba and their agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert with K-Line/MDK, are enjoined individually, jointly and severally, from manufacturing, distributing, marketing, advertising, promoting, soliciting or

accepting orders for, selling or offering for sale products that are alleged to incorporate or be derived from or copied from, Lionel's copyrighted materials, including but not limited to any products consisting of or containing K-Line/MDK's "Cruise Control" technology, and from participating in or acting in concert with any third parties in any such activity; and it is further

ORDERED that to the extent that the EDNC approval of the preliminary injunction with respect to Defendants K-Line/MDK and Maury Klein is required, the Temporary Restraining Order shall continue in full force and effect until the later to occur of (a) the date on which the EDNC approves the issuance of the preliminary injunction or (b) the date on which a preliminary injunction hearing is held with respect to such Defendants. At the Proceeding, Defendants K-Line/MDK and Maury Klein specifically consented, pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, to the continuation of the Temporary Restraining Order for the duration set forth in this paragraph; and it is further

ORDERED that nothing in this Order shall affect and/or be construed to violate or have any effect on or constitute a waiver of the automatic stay provisions of section 362 of the Bankruptcy Code with respect to Defendants K-Line/MDK and Klein, and nothing in this Order shall be construed as a waiver of any rights that Defendants K-Line/MDK and Klein may have under section 362 of the Bankruptcy Code or the Plaintiff's right to request relief from section 362; and it is further

ORDERED that nothing in this Order shall constitute a waiver of any rights Defendants may have as they existed prior to the entry of this Order, including without limitation any objections Defendants may have to the jurisdiction and/or venue of this Court and to seek withdrawal of the reference pursuant to 28 U.S.C. Section 157 and Bankruptcy Rule 5011,

personal jurisdiction or any other jurisdictional challenges or any other rights or defenses that Defendants may have with respect to this action; and it is further

ORDERED that nothing in this Order shall constitute a waiver of any rights Plaintiff may have as they existed prior to the entry of this Order, including without limitation Plaintiff's position that this Court does have personal and subject matter jurisdiction over the Defendants, and the Plaintiff's position that Defendants waived certain defenses, and it is further

ORDERED that nothing in this Order shall affect the rights of the parties under any license for Lionel technology that K-Line/MDK may have from Lionel.

Dated: August 30, 2005
      New York, New York
      At 1:30 p.m.

                                      /s/Burton R. Lifland
                                      UNITED STATES BANKRUPTCY JUDGE